LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
DIANA M. PEREZ, Esq. SBN 356875
CARRILLO LAW FIRM, LLP
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**KATRINA TAYLOR**, an individual; **JOHN DOE 1**, a minor; by and through his guardian *ad litem* Katrina Taylor; **JANE DOE 1**, a minor, by and through their guardian *ad litem,* Katrina Taylor;  **JANE DOE 2**, a minor, by and through her guardian *ad litem* Katrina Taylor;  **JANE DOE 3**, a minor,  by and through her guardian *ad litem* Katrina Taylor; **JOHN 2 DOE**, a minor, by and through his guardian *ad litem* Katrina Taylor; and **JOHN DOE 3**, a minor,  by and through his guardian *ad litem* Justina Grant.

                Plaintiffs,

v.

**COUNTY OF LOS ANGELES, AND DOES 1 THROUGH 20, INCLUSIVE,**

                Defendants.

**Case No.:  2:25-cv-5379**

**COMPLAINT FOR DAMAGES:**
  1. **NEGLIGENCE;**
  2. **WRONGFUL DEATH;**
  3. **DENIAL OF MEDICAL CARE (42 U.S.C. § 1983);**
  4. **INTERFERENCE WITH FAMILIAL RELATIONS (42 U.S.C. § 1983);**
  5. **MUNCIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (42 U.S.C. § 1983)**
  6. **MUNICIPAL LIABILITY— FAILURE TO TRAIN (42 U.S.C. § 1983);**
  7. **FAILURE TO PROTECT FROM HARM (42 U.S.C. § 1983)**
  8. **VIOLATION OF GOVERNMENT CODE §845.6 – FAILURE TO PROVIDE IMMEDIATE MEDICAL CARE; AND**
  9. **VIOLATION OF BANE ACT (CAL. CIVIL CODE § 51.7);**

**[DEMAND FOR JURY TRIAL]**

1

COMPLAINT FOR DAMAGES

**COME NOW, KATRINA TAYLOR**, an individual; **JOHN DOE 1**, by and through his guardian ad litem Katrina Taylor; **JANE DOE 1**, by and through her guardian ad litem Katrina Taylor; **JANE DOE 2**, by and through her guardian ad litem Katrina Taylor; **JANE DOE 3**, by and through her guardian ad litem Katrina Taylor; **JOHN DOE 2**, by and through his guardian ad litem Katrina Taylor; and **JOHN DOE 3**, by and through his guardian ad litem Justina Grant ("PLAINTIFFS"), for their Complaint ("COMPLAINT") against the COUNTY OF LOS ANGELES ("COUNTY"), and DOES 1 through 20, and allege as follows:

## I.

## VENUE AND JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3. On or about November 21, 2024, Plaintiff filed a California Tort Claim against the municipality, Defendant COUNTY OF LOS ANGELES. Plaintiff's Claim was rejected on January 16, 2024, therefore Plaintiffs have exhausted all administrative responsibilities. *K.J. v. Arcadia Unified School District*, 172 Cal.App.4th 1229, 1243 (2009).

//
//
//

## II.

## INTRODUCTION

4.     This civil rights and state tort action seeks compensatory from Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive, for engaging in violations of the laws and Constitutions of the United States and California and permitting unconstitutional customs and practices within the Twin Towers Correctional Facility, Inmate reception Center ("Inmate Reception Center") by failing to address the proliferation of contraband including drugs, and by aiding and abetting the covert distribution of contraband including drugs within the Inmate Reception Center and failing to address particular needs of inmates in need of immediate medical attention.

5.     Plaintiffs allege that the death of Tourmaria Foreman ("Decedent") was a result of Defendant COUNTY, and DOES 1 through 10, failure to properly supervise and protect DECEDENT, in seeing that the supervision and protection of DECEDENT was sufficient to ensure that Defendant COUNTY, DOES 1 through 20, deputies, custody assistants, and other jail staff screened for drug intoxication, detected or controlled contraband, monitored for signs of overdose, monitored for signs of distress, timely responded to medical distress, timely intervened in an emergency, and compliance with safety checks under Title 15.

## PARTIES

6.     At all relevant times, TOURMARIA FOREMAN, JR. ("DECEDENT"), at the time of his death, was a 32-year-old male, residing in the County of Los Angeles, California.

7.     Plaintiff, KATRINA TAYLOR ("TAYLOR") is the biological mother of DECEDENT who is suing in her individual capacity as the mother of DECEDENT and in a representative capacity as a lawful successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff TAYLOR seeks both survival and wrongful death damages. TAYLOR maintained a relationship with her son TOURMARIA FOREMAN, JR. TAYLOR would celebrate birthdays, holidays, and

COMPLAINT FOR DAMAGES

other major life celebrations with her son. TAYLOR would receive financial support from her son to assist her with daily living expenses.

8.      Plaintiff JOHN DOE 1, a minor, by and through his guardian ad litem Katrina Taylor, is the natural son of Decedent. JOHN DOE 1 sues in his individual capacity as the son of Decedent and in the representative capacity as a successor-in-interest to Decedent pursuant to California Civil Code § 377.60. JOHN DOE 1 seeks both survival damages and wrongful death damages under federal and state law. JOHN DOE 1 is not the Plaintiff's true name but is a pseudonym used for his protection.

9.      Plaintiff JANE DOE 1, a minor, by and through her guardian *ad litem* Katrina Taylor, is the natural daughter of Decedent. JANE DOE 1 sues in her individual capacity as the daughter of Decedent and in the representative capacity as a successor-in-interest to Decedent pursuant to California Civil Code § 377.60. JANE DOE 1 seeks both survival damages and wrongful death damages under federal and state law.  JANE DOE 1 is not the Plaintiff's true name but is a pseudonym used for her protection.

10.      Plaintiff JANE DOE 2, a minor, by and through her guardian *ad litem* Katrina Taylor, is the natural daughter of Decedent. JANE DOE 2 sues in her individual capacity as the daughter of Decedent and in the representative capacity as a successor-in-interest to Decedent pursuant to California Civil Code § 377.60. JANE DOE 1 seeks both survival damages and wrongful death damages under federal and state law. JANE DOE 2 is not the Plaintiff's true name but is a pseudonym used for her protection.

11.      Plaintiff JANE DOE 3, a minor, by and through her guardian *ad litem* Katrina Taylor, is the natural daughter of Decedent. JANE DOE 3 sues in her individual capacity as the daughter of Decedent and in the representative capacity as a successor-in-interest to Decedent pursuant to California Civil Code § 377.60. JANE DOE 1 seeks both survival damages and wrongful death damages under federal and state law. JANE DOE 3 is not the Plaintiff's true name but is a pseudonym used for her protection.

12.      Plaintiff JOHN DOE 2, a minor, by and through his guardian *ad litem* Katrina Taylor, is the natural son of Decedent. JOHN DOE 2 sues in his individual

4

COMPLAINT FOR DAMAGES

capacity as the son of Decedent and in the representative capacity as a successor-in-interest to Decedent pursuant to California Civil Code § 377.60. JOHN DOE 2 seeks both survival damages and wrongful death damages under federal and state law. JOHN DOE 2 is not the Plaintiff's true name but is a pseudonym used for his protection.

13. Plaintiff JOHN DOE 3, a minor, by and through his guardian *ad litem* Justina Grant, is the natural son of Decedent. JOHN DOE 3 sues in his individual capacity as the son of Decedent and in the representative capacity as a successor-in-interest to Decedent pursuant to California Civil Code § 377.60. JOHN DOE 3 seeks both survival damages and wrongful death damages under federal and state law. JOHN DOE 3 is not Plaintiff's true name but is a pseudonym used for his protection.

14. Defendant the COUNTY OF LOS ANGELES, ("COUNTY"), at all relevant times herein mentioned was and is a business entity, of form unknown, having its principal place of business in the County of Los Angeles, State of California. The COUNTY purposely conducts substantial business activities in the State of California.

15. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 1 through 10 ("DOE DEPUTIES"), inclusive, are Deputy Sheriffs and/or other County of Los Angeles Jail Personnel employed by COUNTY. DOE DEPUTIES were acting under color of law and within the course and scope of their employment as officers, employees and agents for the Los Angeles County Sheriff's Department and the COUNTY. DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

16. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 11 through 20 ("DOE SUPERVISORS"), inclusive, are managerial, supervisorial, and policymaking employees of the COUNTY OF LOS ANGELES, who were acting under color of law and within the course and scope of their duties as managerial, supervisory, and policymaking employees of the COUNTY in positions that include but are not limited to elected Undersheriffs, Assistant Sheriffs, Division Chiefs, Commanders, Captains, Lieutenants, and Sergeants who were acting with complete

COMPLAINT FOR DAMAGES

authority and ratification of their principal, Defendant COUNTY.

17.     In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE DEPUTIES were acting on the implied and actual permission and consent of Defendants COUNTY and DOE SUPERVISORS.

18.     Plaintiffs allege, on information and belief, that each of the Defendants sued herein was wrongful, deliberately indifferent, negligent, and/or otherwise responsible in some manner for the events and happenings surrounding the death of DECEDENT. Further, one or more DOE Defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both individually named and to-be-identified DOE Defendants.

19.     The acts and omissions of all Defendants were at all material times pursuant to the actual customs, policies, practices, and/or procedures of Defendant COUNTY, the Los Angeles County Sheriff's Department, and the Twin Towers Correctional Facility, Inmate Reception Center.

20.     The true names or capacities of Defendants DOES 1 through 20 are unknown to Plaintiffs at this time who therefore sue said Defendants by fictitious names. Plaintiffs allege that in doing the acts and omissions herein alleged, said DOE Defendants were employed as employees, agents, or servants of the Defendant COUNTY, and at all times herein relevant were acting within the scope and course of their employment with the Defendant COUNTY, and the acts and omissions of the said Defendants DOES 1 through 20 were the proximate cause of the injuries and losses suffered by Plaintiffs.

21.     At all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences herein alleged. Plaintiffs' damages, as herein alleged, were proximately caused by all the acts and omissions of said Defendants. Defendants, COUNTY OF LOS ANGELES, and DOES 1-20 are sometimes collectively referred to herein as "Defendants" and/or as "All Defendants" and such collective reference refers to all specifically named Defendants.

22.     Plaintiffs allege that Defendants, COUNTY OF LOS ANGELES, and DOES

6

COMPLAINT FOR DAMAGES

1-20, were the agents, contractors and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that such conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiffs. As such, each Defendant in this Complaint is legally responsible for the acts of the others.

23.    Defendants DOES 1-20 are sued in their individual capacities.

## III.

## STATEMENT OF FACTS

24.    On information and belief, Defendant COUNTY OF LOS ANGELES, and DOES 1 through 20, knew or should have known that controlled substances were being smuggled into the Los Angeles County Jails. On January 16, 2025, The County of Los Angeles District's Attorney Office indicted nineteen individuals, amongst them former Los Angeles Sheriff's Deputy Michael Mieser, for smuggling drugs into Los Angeles County Jails beginning in 2022.[1]

25.    On October 8, 2024, at approximately 8:49 a.m., Defendant Los Angeles County Sheriff Deputies, and Does 1 through 20, summoned medical assistance to 441 East Bauchet St, Los Angeles, CA, 90012, the Inmate Reception Center, as a result of six (6) incarcerated persons overdosing, including DECEDENT.

26.    DECEDENT, along with five other inmates, was in custody and awaiting transportation to his scheduled court hearing. It is believed that at the time DECEDENT was in the custody and care of Defendants County of Los Angeles, and DOES 1 through 20, DECEDENT was exposed to an unknown controlled substance, and, Defendant County of Los Angeles, and DOES 1 through 20 were aware or should have been aware that DECEDENT was under the influence of drugs and/or may be suffering from an

---

[1] See, https://www.cbsnews.com/losangeles/news/la-county-sheriffs-deputy-17-others-indicted-for-jail-smuggling-operation/; https://da.lacounty.gov/media/news/district-attorney-hochman-announces-grand-jury-indictment-against-18-individuals-major; See also Indictment for Case No. 25CJCF00287.

COMPLAINT FOR DAMAGES

unknown medical or mental health condition.

27. Based on information and belief, DECEDENT, along with five other incarcerated individuals, overdosed on an unknown substance leading them to overdose.

28. While in the care and custody of Defendants COUNTY, and DOES 1 through 20, knew and/or had reason to know that DECEDENT was in need of immediate medical care, to wit: medical care to address the fact that DECEDENT was under the influence of narcotics. Defendants knew or had reason to know, that DECEDENT may have been under the influence and/or suffering from a medical and/or mental health emergency, which required him to be closely monitored for his safety and well-being.

29. However, Defendants COUNTY, and DOES 1 through 20, failed to take reasonable action to ensure that drugs were not being permitted into COUNTY facilities; negligently and recklessly ignored the safety and well-being of DECEDENT and negligently disregarded his medical needs, ignoring duties under federal and state regulations designed for the protection and benefit of persons such as DECEDENT, as well as under common law, to provide reasonable and adequate care, safety, supervision and adequate medical care and mental health treatment to detainees.

30. Defendants COUNTY, and DOES 1 through 20, did not properly supervise DECEDENT and individuals like him. Defendants were required to and failed to properly supervise and protect DECEDENT, in seeing that the supervision and protection of DECEDENT was sufficient to ensure that Defendant COUNTY, DOES 1 through 20, deputies, custody assistants, and other jail staff screened for drug intoxication, detected or controlled contraband, monitored for signs of overdose, monitored for signs of distress, timely responded to medical distress, timely intervened in an emergency, and compliance with safety checks under Title 15. Each Defendant further failed to ensure that inmates, including DECEDENT, and Sheriff Deputies, were properly screened before entering the Inmate Reception Center.

31. As a result of the failure of Defendants COUNTY, and DOES 1 through 20, to properly supervise and protect DECEDENT, in seeing that the supervision and

protection of DECEDENT was sufficient to ensure that Defendant COUNTY, DOES 1 through 20, deputies, custody assistants, and other jail staff screened for drug intoxication, detected or controlled contraband, monitored for signs of overdose, monitored for signs of distress, timely responded to medical distress, timely intervened in an emergency, and compliance with safety checks under Title 15, DECEDENT was left vulnerable because of his physical and mental infirmities. As a result, and while in the custody of the Los Angeles County Sheriff's Department at all times mentioned herein, DECEDENT died due to the effects of an unknown controlled substance.

32. Defendants' failure to properly supervise and protect DECEDENT, in seeing that the supervision and protection of DECEDENT was sufficient to ensure that Defendant COUNTY, DOES 1 through 20, deputies, custody assistants, and other jail staff screened for drug intoxication, detected or controlled contraband, monitored for signs of overdose, monitored for signs of distress, timely responded to medical distress, timely intervened in an emergency, and compliance with safety checks under Title 15, and to summon immediate medical care was caused by the negligent failure of the COUNTY in the hiring, retention, and training of its Sheriff Deputies and other COUNTY staff; by the negligent failures of the COUNTY in failing to train its Sheriff Deputies, Custody Assistants, and jail personnel to identify indicators and behavior of persons in need of immediate medical care and persons with medical issues; and by failing to train its Sheriff Deputies, Custody Assistants, and jail personnel to properly identify and communicate to superiors the medical and mental health needs of those persons in custody who require immediate medical care, such as DECEDENT.

33. As a result of the failure of Defendants COUNTY, and DOES 1 through 20, to conduct adequate field and intake evaluations; to properly house DECEDENT; to conduct adequate safety checks and comply with the applicable Title 15 policies and procedures related to Inmate Housing; and to summon immediate medical care, DECEDENT died and Plaintiffs have lost the love, companionship, comfort, care, assistance, protection, affection, society and moral support of, DECEDENT.

# IV.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

[By Plaintiffs individually and as successors-in-interest against All Defendants]

34.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

35.     This cause of action is brought pursuant to sections 820, 844.6(d) and 815.2, of the California Government Code as Does 1 through 20, inclusive, and each of them, are liable for injuries caused by their acts or omissions to the same extent as private PERSONS. Under section 815.2 of the Government Code, Defendant COUNTY is vicariously liable for the acts and omission of its employees committed within the course and scope of their employment.

36.     On or about October 8, 2024, Defendants COUNTY, and DOES 1 through 20 were negligent in supervising and protecting DECEDENT. Defendants COUNTY, and DOES 1 through 20, were negligent in complying with the duties in the performance of their training and tactics by failing to properly supervise and protect DECEDENT, in seeing that the supervision and protection of DECEDENT was sufficient to ensure that Defendant COUNTY, DOES 1 through 20, deputies, custody assistants, and other jail staff screened for drug intoxication, detected or controlled contraband, monitored for signs of overdose, monitored for signs of distress, timely responded to medical distress, timely intervened in an emergency, and compliance with safety checks under Title 15. Defendants further failed to immediately summon proper medical care for DECEDENT when they knew or should have known that he required medical treatment.

37.     Instead, Defendants COUNTY, and DOES 1 through 20, failed to properly supervise, protect, and further refrained from taking any remedial action, while DECEDENT was in custody, and failed to adequately screen for drug intoxication, medical and mental health assessment, contraband detection and control, monitor for signs

10

COMPLAINT FOR DAMAGES

of overdose, monitor for signs of medical distress, timely medical response, timely emergency intervention, and failed to provide safety checks under Title 15.

38.     Defendant DOES 1 through 20 failed to comply with well-known and commonly trained police and jail tactics and duties and their conduct at all times mentioned herein was below the standard of care for reasonable COUNTY employees and personnel, and said negligence caused the injuries and damages alleged herein.

**A.      Legal Duty of Defendants**

39.     As set forth herein, Defendants COUNTY, and COUNTY 1 through 20, and each of them have failed to uphold numerous mandatory duties imposed upon them by state law, and by written policies and procedures applicable to Defendants, including but not limited to the duty to properly supervise and protect those persons in their custody and to provide proper healthcare when Defendants know or have reason to know that an inmate is in need of immediate medical care.

40.     At all pertinent times, the Defendants COUNTY, and DOES 1 through 20 owed Plaintiffs and the DECEDENT a legal duty. Such legal duty required Defendants to act with reasonable care when (1) supervising employees, agencies, and agents of Defendant COUNTY such that unlawful, negligent, and/or reckless conduct by its deputies, custody assistants, jail staff and/or agents, including the failure to provide adequate supervision of DECEDENT; (2) protecting DECEDENT while he was incarcerated by Defendant COUNTY and in the custody and care of Defendant COUNTY and COUNTY deputies, custody assistants and other jail staff including but not limited to DOES 1 through 20; and protecting DECEDENT by providing a reasonable and safe environment and adequate supervision of the DECEDENT free from being exposed to illegal narcotics.

41.     Defendants COUNTY, and DOES 1 through 20, had and have a duty, by law, and by the Defendant COUNTY's own policies and procedures, to protect individuals in the custody and confinement of Defendant COUNTY and to properly supervise such individuals. Defendants were required to and failed to properly supervise

and protect DECEDENT, in seeing that the supervision and protection of DECEDENT was sufficient to ensure that Defendant COUNTY, DOES 1 through 20, deputies, custody assistants, and other jail staff screened for drug intoxication, detected or controlled contraband, monitored for signs of overdose, monitored for signs of distress, timely responded to medical distress, timely intervened in an emergency, and compliance with safety checks under Title 15.

42.     Defendants COUNTY, and DOES 1 through 20, were required to, yet failed to exercise careful supervision and protection of inmates, such as DECEDENT. Said DEFENDANTS were required to and failed to take reasonable action to detect or control contraband, monitor signs of overdose, monitor signs of distress, timely respond to medical distress, timely intervene in an emergency, and comply with Title 15 safety checks.

**B.     Breach of Duty by Defendants**

43.     Defendants COUNTY and DOES 1 through 20 have breached their duties to DECEDENT and Plaintiffs, and such breach is a proximate cause of Plaintiffs' damages. All the Defendants owed a duty of care to DECEDENT because said Defendants knew that by having DECEDENT in their care and custody, they were charged with the safety and well-being of DECEDENT.

44.     Defendants, COUNTY and DOES 1 through 20 were required to, but negligently failed to properly supervise, protect, and evaluate DECEDENT; failed to adequately address DECEDENT's medical needs; and failed to exercise careful supervision of inmates, such as DECEDENT.

45.     The actions and inactions of Defendants COUNTY and DOES 1 through 20 were negligent and reckless, including but not limited to:

(a) The negligent failure to provide safe and appropriate jail custody for DECEDENT, including failing to adequately monitor and supervise DECEDENT, and failing to take adequate measures to ensure that DECEDENTs were not exposed to any controlled substance;

(b) The negligent failure to provide appropriate medical care to individuals in custody, such as, DECEDENT herein;

(c) The negligent failure to implement and enforce policies, procedures and training regarding providing access to and delivery of medical care to individuals in custody, such as, DECEDENT herein;

(d) The negligent failure to implement and enforce policies, procedures, and training regarding providing adequate and reasonable supervision and monitoring to all inmates, such as DECEDENT herein;

(e) The negligent failure to perform checks on the DECEDENT while he was confined in the jail cell of the Inmate Reception Center, within the Twin Tower's Correctional Facility, and in violation of State and Federal laws;

(f) The negligent failure to render timely medical aid to the DECEDENT;

(g) The negligent supervision of the staff responsible for ensuring DECEDENT's safety and care during his confinement at the Inmate Reception Center;

(h) Employing and retaining employees such as Defendant DOES 1 through 20, who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and showing callous indifference to persons experiencing medical distress;

(i) Inadequately supervising, training, controlling, assigning, and disciplining employees such as Defendant DOES 1 through 20, who Defendant COUNTY knew or, in the exercise of reasonable care, should have known had the aforementioned propensities and negligent propensities;

(j) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling negligent conduct by Defendant DOES 1 through 20;

46.     Defendant DOES 1 through 20 acted within the course and scope of their employment with Defendant COUNTY. Defendants COUNTY and DOES 1 through 20, breached their duty of care to ensure the competence of its Sheriff deputies, custody

assistants, and other jail staff, and failed to exercise ordinary care under the circumstances herein alleged to provide DECEDENT with a reasonably safe environment, investigate DECEDENT's medical condition, to control and detect contraband, to monitor signs of medical distress, to monitor signs of an overdose, and to evaluate and assure the competence of all other COUNTY Sheriff deputies, custody assistants, and other COUNTY staff herein, and thereby ratified and condoned the wrongful conduct of DOES 1 through 20, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of its officers and jail staff. This breach of the duty of careful selection, hiring, training, review, supervision, periodic evaluation of competency and retention of such officers, counselors and other staff created an unreasonable risk of harm to persons such as DECEDENT.

47. Defendants and each of them failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. Defendants failed to conform to a certain standard of conduct for the protection of DECEDENT against unreasonable risk of injury and death. The failure exposed DECEDENT/Plaintiffs to an unreasonable risk of harm.

48. Defendants undertook the responsibility of providing correctional services to DECEDENT wherein Defendants should have recognized and determined DECEDENT's medical condition, controlled and detected contraband, monitored signs of medical distress, monitored signs of an overdose—failure to otherwise exercise reasonable care, DECEDENT suffered death, to his and Plaintiffs' damages.

49. DECEDENT was particularly vulnerable in light of his incarceration and relied on Defendants (who had control over him), for protection from controlled substances, which is not part of the penalty that criminal offenders pay for their offenses against society.

50. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, and as a result of their breach of duty of care to DECEDENT, he was seriously injured, caused to suffer severe pre-death pain and

suffering and ultimately died. Also, as a direct and proximate cause of Defendants' conduct, as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, society, care and moral support of DECEDENT, and will continue to be so deprived for the remained of their lives.

51. The COUNTY is vicariously liable for the wrongful acts and/or omissions of its employees, pursuant to *California Government Code* § 815.2 of the, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts or omissions would subject him or her to liability. Plaintiffs base their claims against Defendant COUNTY on vicarious liability pursuant to *California Government Code* § 815.2.

52. Plaintiffs seek wrongful death and survival damages under this claim.

## SECOND CAUSE OF ACTION

### WRONGFUL DEATH

[By all Plaintiffs against all Defendants – Including DOE Defendants]

53. Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

54. The present action is brought under section 377.60 of the Code of Civil Procedure, for the wrongful death of DECEDENT, which was caused by the willful, reckless, and negligent acts and omissions of all of the Defendants herein.

55. On or about October 8, 2024, Defendants COUNTY and DOES 1 through 20, breached various duties owed to DECEDENT, untimely causing his death, including but not limited to, failing to properly supervise, protect, and/or provide adequate medical care to DECEDENT; mistreating persons with medical health concerns; failing to screen for drug intoxication; failing to detect or control contraband; failing to monitor for signs of overdose; failing to monitor for signs of distress; failing to timely respond to medical distress; failing to timely intervene in an emergency; failing to perform routine checks on DECEDENT while he was confined in the Inmate Reception Center at the Twin Towers

Correctional Facility, a Los Angeles County Sheriff's Department jail, and in violation of State and Federal laws thereby negligently and recklessly failing to provide for the safety and well-being of DECEDENT.

56. On or about October 8, 2024, Defendants COUNTY and DOES 1 through 20, recklessly and negligently supervised, protected, and/or failed to provide adequate medical care to DECEDENT's medical needs.

57. On or about October 8, 2024, Defendants COUNTY and DOES 1 through 20, recklessly and negligently failed to summon medical care including but not limited to medical care to address DECEDENT's medical needs, and failed to prescribe medications or provide medical treatment to such persons as DECEDENT. Defendants negligently and recklessly failed to take reasonable action to summon medical care to address DECEDENT's severe and immediate need for medical treatment.

58. Defendants COUNTY and DOES 1 through 20, negligent supervision of DECEDENT while he was in the care and custody of the Defendants, was also a proximate cause of DECEDENT's death and Plaintiffs' injuries.

59. The negligent, incompetent, and/or reckless acts and omissions of all of the DEFENDANTS proximately caused the death of DECEDENT on October 8, 2024. Defendants COUNTY and Does 1 through 20, had a duty to provide adequate supervision of inmates, to protect inmates, and to summon medical care and appropriately respond to calls for aid. The acts of negligence, recklessness, and gross incompetence apply equally to Defendants COUNTY and DOES 1 through 20.

60. The negligent, incompetent and/or reckless acts and omissions by Defendants COUNTY and DOES 1 through 20 proximately caused the tragic death of DECEDENT. All of the said Defendants had a duty to protect and provide a secure place for DECEDENT. The acts of negligence, recklessness, and gross incompetence apply equally to Defendants COUNTY and DOES 1 through 20.

61. The reckless, negligent, and incompetent acts and omissions by Defendants COUNTY and DOES 1 through 20, inclusive, were the proximate cause of the tragic

death of DECEDENT, and has proximately caused Plaintiffs to suffer emotional pain and suffering, and the permanent and insurmountable loss, love, affection, comfort, society, companionship, services, contributions, and other pecuniary losses; and which will continue to cause a loss of future services, contributions, and future pecuniary losses, all to their general damages, which will be set forth according to proof.

62.   As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and unlawfulness of the Defendants, and each of them, and the resulting death, as aforesaid, Plaintiffs have sustained severe and serious injury to their person, all to Plaintiffs' damage in a sum within the jurisdiction of this Court and to be showing according to proof.

63.   Plaintiffs seek wrongful death and survival damages under this claim.

## THIRD CAUSE OF ACTION

### DENIAL OF MEDICAL CARE

### FOURTH AND FOURTEENTH AMENDMENT – (42 U.S.C. § 1983)

[By all Plaintiffs against all Defendants]

64.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

65.   At the time of his death, DECEDENT was a pretrial detainee. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." *Brown v. Plata*, 131 S. Ct. 1910, 1920(1011). Accordingly, the Fourteenth Amendment to the United States Constitution protects the rights of pretrial detained to adequate medical care. Claims of pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. *Bell. v. Wolfish*, 441 U.S. 510, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Gibson v. Cnty. of Washoe*, Nev., 290 F.3d 1175, 1187 (9th Cir. 1002).

COMPLAINT FOR DAMAGES

66.    Throughout the duration of DECEDENT's detention, he had the established right to medical care for his severe medical needs.

67.    Defendant COUNTY and DOES 1 through 20, are each responsible for the denial of medical care for DECEDENT either because they themselves failed to provide or obtain medical care, or because they failed to intervene to prevent the denial of medical care.

68.    While detained DECEDENT began to suffer immediate medical distress, as he began to show obvious signs of being under the influence of narcotics. Defendants were aware that DECEDENT was in a state of acute medical distress while he was in custody and care of the Defendants. DECEDENT had observable signs of medical distress but he was not attended to until approximately 8:50 a.m. on October 8, 2024 when Defendants finally went to his cell and found him along with five others unresponsive. Defendants DOES 1 through 20 had actual knowledge of DECEDENT's medical distress based on DECEDENT's observable signs of medical distress and based on information provided by DECEDENT and other witnesses.

69.    Despite the fact that DECEDENT exhibited signs of obvious medical distress, he did not receive any medical treatment.

70.    The aforementioned Defendants' failure to provide proper and necessary medical care caused DECEDENT serious bodily harm and death. The aforementioned denial of medical care violated DECEDENT's right to Substantive Due Process under the Fourteenth Amendment.

71.    Defendants' failure to provide immediate medical care assistance to Decedent, under the circumstances presented and based on the facts known at the time to Defendants was in reckless disregard of the rights of Plaintiffs herein and with the intent to harm Decedent, lacking in any possible rational governmental justification or interest. As such, the failure to provide immediate medical care to Decedent deprived Plaintiffs of the rights, privileges, and immunities not to have their familial association infringed upon, interfered with, or deprived by the loss of life of their son, as guaranteed them by

the substantive due process rights provision of the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42 U.S.C §1983.

72.   Defendants COUNTY and DOES 1 through 20, failed to properly identify and communicate to supervisors the medical needs of those persons in custody who required immediate medical care, such as DECEDENT. Defendants did not report DECEDENT's behavior, and failed to summon necessary medical attention for DECEDENT.

73.   Defendants' failure to provide medical treatment to DECEDENT resulted in further significant injury and the unnecessary infliction of pain, in that they willfully disregarded that serious medical attention was needed, thereby causing DECEDENT great bodily harm and death.

74.   Accordingly, the Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body and allege that these Defendants' wrongful conduct legally caused a deprivation of their constitutionally protected liberty interest in familial companionship, love, comfort, care, society and sustenance of their son and father, and will continue to be so deprived for the remainder of their natural lives.

75.   Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek wrongful death damages and survival damages for the violation of DECEDENT's substantive due process rights.

## FOURTH CAUSE OF ACTION

### INTERFERENCE WITH FAMILIAL RELATIONS

### FOURTEENTH AMENDMENT – (42 U.S.C. § 1983)

[By all Plaintiffs in Their Individual Capacities against all Defendants)

76.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

77.   Plaintiffs, and each of them, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from

state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT. Each Defendant violated Plaintiffs' substantive due process rights by depriving them of a relationship with DECEDENT by causing his death.

78. The aforementioned actions of Defendants COUNTY and DOES 1 through 20, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated any legitimate law enforcement objective, thereby violating DECEDENT's Substantive Due Process rights.

79. Defendants COUNTY and DOES 1 through 20, acted under color of state law, and thus violated the Fourteenth Amendment rights of the Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT and each other.

80. As a direct and proximate cause of the acts of Defendants COUNTY and DOES 1 through 20, Plaintiffs suffered emotional distress, extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

81. The conduct of Defendants COUNTY and DOES 1 through 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and the Plaintiffs, and therefore warrants the imposition of compensatory damages as to each Defendant. Plaintiffs seek wrongful death damages under this claim in their individual capacities.

//

//

//

## FIFTH CLAIM FOR RELIEF

**Muncipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**By All Plaintiffs against Defendants COUNTY and DOE SUPERVISORS**

82.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.    On information and belief, Defendant COUNTY, and DOES 1 through 20, knew or should have known that controlled substances were being smuggled into the Los Angeles County Jails. It was their custom and policy to allow the proliferation of controlled substances, including illicit drugs, in the Inmate Reception Center, thereby creating an environment where such activities were rampant and inadequately addressed. On January 16, 2025, The County of Los Angeles District Attorney's Office indicted nineteen individuals, amongst them former Los Angeles Sheriff's Deputy Michael Mieser, for, among other charges, smuggling drugs into Los Angeles County Jails beginning in 2022.  This manifests a deliberate indifference to the civil rights of the residents of the COUNTY.

84.    Defendants COUNTY, DOE SUPERVISORS, and COUNTY executives, ratified, acquiesced, and condoned DOE DEPUTIES failure to supervise and allow dangerous narcotics into the facilities.

85.    On information and belief, DOE DEPUTIES, were not disciplined, and were not given additional training, after the Decedent untimely death while in the custody and care of COUNTY OF LOS ANGELES, which evidences ratification and acquiescence in DOE DEPUTIES failure to adequately supervise DECEDENT and adequately respond to Decedent immediate medical needs.

86.    On and for some time prior to October 8, 2024, and continuing to the present date, Defendants COUNTY and DOE SUPERVISORS, deprived Decedent of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, because said Defendants and their supervising and managerial employees, acted with gross negligence and with reckless and deliberate indifference to

the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particularly, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

a. Employing and retaining as sheriff's deputies, and other personnel, including DOE DEPUTIES, whom Defendants COUNTY, and DOE SUPERVISORS, at all times material herein knew or reasonably should have known had dangerous propensities of abusing their authority and allowing and/or facilitating the entry of illicit controlled substances into Twin Towers, IRC by failing to follow written COUNTY Sheriff's Department policies.

b. Permitting and ratifying the conduct of DOE DEPUTIES within the Inmate Reception Center who act with deliberate indifference to the medical needs of individuals such as DECEDENT;

c. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY's sheriff's deputies, and other personnel, who Defendants COUNTY, and DOE SUPERVISORS knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

d. By failing to adequately train deputies, including DOE DEPUTIES, and failing to institute appropriate policies, regarding responding to DECEDENT's medical needs;

e. By having and maintaining an unconstitutional policy, custom, and practice of allowing controlled substances to proliferate within the COUNTY's jails, including the IRC, which is also demonstrated by inadequate training regarding these subjects. The policies, custom, and practices of COUNTY, and DOE SUPERVISORS were done with a deliberate indifference to the individuals' safety and rights; and

f. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining the intentional misconduct of Defendant COUNTY sheriff's deputies and/or, such as DOE DEPUTIES;

g. By ratifying the misconduct of Defendant COUNTY sheriff's deputies, such as DOE DEPUTIES, for conduct such as allowing controlled substances to proliferate within the COUNTY's jails, including the IRC, i.e., conduct thereby amounting to policies of inaction.

COMPLAINT FOR DAMAGES

h.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the reckless and/or intentional misconduct by sheriff deputies, including DOE DEPUTIES.

i.  By failing to remove "problem" deputies from the COUNTY jails, such as the Inmate Reception Center.

87.  As a result of the aforementioned policies and practices of DEFENDANT COUNTY and DOEs 1 through 20, DECEDENT was subjected to pain and suffering and ultimately, lost his life.

88.  It is the policy, custom, and practice of Defendants COUNTY to not objectively investigate complaints of inadequate medical response, medical care, and/or aid. Further, it is the policy, custom, and practice of Defendants COUNT to not objectively investigate complaints of inadequate supervision, and the prefoliation of controlled substances, such as illicit drugs, within the Inmate Reception Center and instead, to officially claim that such incidents are justified and proper.

89.  The policies, customs, and practices of Defendants COUNTY does in fact encourage COUNTY sheriff's deputies such as DOE DEPUTIES, to believe that failing to render adequate medical care and respond to immediate medica needs is permissible and will be permitted by Defendants COUNTY. Defendant DOE DEPUTIES were aware of the policies, customs, and practices of Defendant COUNTY. These policies and customs of the COUNTY were the driving force that caused Decedent to lose his life.

90.  By reason of the aforementioned policies and practices of Defendants COUNTY and DOE SUPERVISORS, DECEDENT was severely injured and subjected to pre-death pain and suffering and loss of his life.

91.  Defendants COUNTY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with

COMPLAINT FOR DAMAGES

deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, and other individuals similarly situated.

92.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOE SUPERVISORS, acted with an intentional, reckless, and callous disregard for the rights for the life of Decedent, and Decedent's and Plaintiffs' constitutional rights. Defendants COUNTY and DOE SUPERVISORS, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

93.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY and DOE SUPERVISORS were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

94.    By reason of the aforementioned acts and omissions of Defendants COUNTY and DOE SUPERVISORS, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

95.    By reason of the aforementioned acts and omissions of Defendants COUNTY and DOE SUPERVISORS, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

96.    Accordingly, Defendants COUNTY and DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

97.    Plaintiffs seek wrongful death and survival damages under this claim.

98.    Plaintiffs also seek statutory attorney fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**By All Plaintiffs against Defendants COUNTY and DOE SUPERVISORS**

99.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

100. Defendants DOE DEPUTIES acted under color of law. The acts of said Defendants deprived Decedent and Plaintiff of their particular rights under the United States Constitution.

101. The training policies of Defendants COUNTY and DOE SUPERVISORS were not adequate to train its sheriff's deputies to handle the usual and recurring situations with which they must deal.

102. Defendants COUNTY and DOE SUPERVISORS were deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

103. The negligent and unjustified failure of DOE DEPUTIES to supervise and respond to DECEDENT's obvious immediate medical needs was a result of the negligent policies, practices, and training by the Defendants COUNTY and DOE SUPERVISORS. Defendants failed to ensure that COUNTY deputies were properly trained in identifying and responding to medical emergencies, including those involving drug overdoses, and failed to implement adequate policies to ensure timely and appropriate medical intervention for individuals in their custody. Defendants COUNTY and DOE SUPERVISORS were responsible for establishing and enforcing protocols that complied with constitutional and statutory standard for the care of incarcerated individuals, like DECEDENT.

104. The failure of Defendants COUNTY to provide adequate training caused the deprivation of Decedent's and Plaintiffs' rights by said Defendants; that is, Defendant COUNTY's failure to train is so closely related to the deprivation of the Decedent's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

105. By failing to provide adequate training to COUNTY sheriff's deputies, including DOE DEPUTIES, DOE SUPERVISORS, acted with an intentional, reckless, and callous disregard for the life of DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

COMPLAINT FOR DAMAGES

106. By reason of the aforementioned acts and omissions of Defendants, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

107. By reason of the aforementioned acts and omissions, the Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of Decedent.

108. Accordingly, Defendants COUNTY and DOE SUPERVISORS, each are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

109. Plaintiffs seek wrongful death and survival damages under this claim.

110. Plaintiffs also seek statutory attorney fees under this claim.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROTECT FROM HARM

## 42 U.S.C. § 1983 FOURTH AND FOURTEENTH AMENDMENT

111. Plaintiffs incorporate all foregoing paragraphs herein.

112. Pretrial detainees such as DECEDENT have a Fourteenth Amendment due process right to be free from harm. *See Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange*, 888 F.3d 1118, 11124-25 (9th Cir. 2018).

113. By the actions and omissions described above, Defendants DOES 1-20, as alleged herein, violated 42 U.S.C. § 1983, depriving DECEDENT, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution: DECEDENT's right to be protected from harm while in custody as secured by the Fourteenth Amendment.

114. As a predicate fact, Defendant COUNTY was on notice that their deficient policies, procedures, and practices alleged herein created a substantial risk of serious harm to an inmate in DECEDENT's position such that the consequences of their decisions were foreseeable.

///

115. Each Defendant could have taken action to prevent unnecessary harm to DECEDENT but refused or failed to do so in violation of his Fourteenth Amendment rights.

116. Defendant DOES 1 through 20, and each of them, made various intentional decisions regarding DECEDENT's condition when he was confined in the Twin Towers Correctional Facility, IRC. Given Defendant DOES 1 through 20 failure to adequately screen for drug intoxication, detect and control contraband, monitor for signs of overdose, monitor for signs of medical distress, provide timely medical response, provide timely emergency intervention, and failure to provide safety checks under Title 15, placed DECEDENT at substantial risk of suffering serious harm, including death.

117. Instead of ensuring that DECEDENT would be provided with a reasonably safe environment, free from any illicit contraband, Defendants did not take any reasonably available measures to abate or reduce the risks DECEDENT faced, even though any reasonable person in the circumstances would have appreciated the high degree of risk involved, or at the very least done something to protect DECEDENT from harm.

118. Given such failures, the consequences of the Defendant's conduct were obvious and by not taking such measures, DECEDENT suffered significant suffering and ultimately, died.

119. The conduct of Defendants DOES 1 through 20, and each of them, was objectively unreasonable and deliberately indifferent given that they were aware of the consequences of DECEDENT's placement and the high risk of potential harm that could befall him but proceeded with their course of conduct despite the obvious consequence of DECEDENT's death.

120. Furthermore, by policy, procedure, and practice, Defendants COUNTY, DOES 11-20, deliberately disregarded the hazards and risks posed to persons incarcerated at Twin Towers Correctional Facility, IRC, as alleged herein. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing DECEDENT at the Twin Towers Correctional Facility, IRC.

COMPLAINT FOR DAMAGES

121. Defendants COUNTY, and DOES 11-20, were on notice that their policies, procedures, and practices for monitoring inmates at the Twin Towers Correctional Facility, IRC were inadequate and gave rise to a substantial risk of serious harm.

122. Defendants COUNTY, and DOES 11-20, failed to properly train and supervise JAIL staff regarding policies, procedures, and practices necessary for the protection of inmates from risks and hazards existing within the Twin Towers Correctional Facility, IRC.

123. COUNTY and DOES 11-20, failed to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

124. Defendant DOES 1-10's failure to adequately screen for drug intoxication, detect and control contraband, monitor for signs of overdose, monitor for signs of medical distress, provide timely medical response, provide timely emergency intervention, and failure to provide safety checks under Title 15 evidences deliberate indifference to the risk of harm to DECEDENT.

125. As a direct and proximate result of Defendants' conduct, the civil rights of DECEDENT, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, DECEDENT experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

126. Defendants subjected DECEDENT to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

127. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

128. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not

COMPLAINT FOR DAMAGES

seek punitive damages against Defendant COUNTY.

129. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA GOV'T CODE § 845.6

### [By all Plaintiffs against all Defendants]

130. Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

131. This cause of action is brought pursuant to *California Government Code* § 845.6.

132. As set forth herein, Defendants COUNTY and DOES 1 through 20 have failed to uphold numerous mandatory duties imposed upon them by state law, and by written policies and procedures applicable to Defendants, including but not limited to the duty to properly supervise those persons in their custody and to provide proper medical care when Defendants know or have reason to know that an inmate is in need of immediate medical care. (Government Code § 845.6).

133. The failure to summon immediate medical care was caused by the negligent failures of Defendant COUNTY in the hiring, retention, and training of its Deputies and other COUNTY staff; by the negligent failures of Defendant COUNTY in failing to train its deputies, custody assistants and other jail staff to identify indicators and behavior of persons in need of immediate medical care and persons with medical issues and by failing to train its deputies, custody assistants and other jail staff to properly communicate to superiors the needs of those inmates in need of immediate medical care.

134. Defendants COUNTY and DOES 1 through 20 breached the following duties: The duty to summon immediate medical care when Defendants knew or had reason to know that, DECEDENT was in need of such medical care and failed to take reasonable action to summon that care under Government Code 845.6 and the duty to

provide enough supervision to those in custody and confinement to ensure that they are safe. The failure to provide adequate medical care and adequate supervision, proximately caused his death.

135. As a result of Defendants COUNTY and DOES 1 through 20 lack of action and failure to properly secure DECEDENT's safety, DECEDENT died while in Defendants' custody and control. As a result, Plaintiffs have suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression and shock. Defendants' actions were a substantial factor in causing Plaintiffs' injuries.

136. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant DOES 1 through 20, pursuant to *California Government Code* § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability. Plaintiffs base their claims against Defendant COUNTY on vicarious liability pursuant to *California Government Code* § 815.2.

## NINTH CAUSE OF ACTION

**Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**

(By Plaintiffs Against All Defendants)

137. Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

138. California Civil Code, Section 52.1 (the Bane Act), applies to this complaint with the same force and effect as fully set forth herein:

(a) If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state... a civil action for injunctive and other appropriate

COMPLAINT FOR DAMAGES

equitable relief may be brought.

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

139.   On information and belief, on or around October 8, 2024, DECEDENT was intentionally and/or negligently left unsupervised in his cell by Defendant DOES 1 through 20, after requests for immediate medical health care and obvious signs of need of immediate medical care. As a result of Defendants intentional and/or negligent lack of care for the DECEDENT, his constitutional right to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience were violated. Likewise, through the death of DECEDENT, the present Defendants violated the Substantive Due Process rights of Plaintiffs, as well as their right to familial integrity.

140.   As a proximate result of the acts of each Defendant, DECEDENT was made to lose his life without cause or justification.

141.   The injuries suffered by the present Plaintiffs resulted from intentional and/or negligent lack of care for the DECEDENT by the Defendants COUNTY and DOES 1 through 20, by refusing to properly supervise and provide immediate medical care to the DECEDENT. Said law enforcement facility personnel intentionally and/or negligently failed to supervise and render medical care to the DECEDENT while in custody. The COUNTY negligently employed, negligently retained, and negligently supervised the facility personnel who contributed to the death of the DECEDENT.

142.   The COUNTY negligently hired Defendant DOES 1 through 20 who failed to provide proper care and supervision to DECEDENT, resulting in his death.

COMPLAINT FOR DAMAGES

143. The COUNTY negligently pre-screened Defendant DOES 1 through 20 who failed to provide proper care and supervision to DECEDENT, resulting in his death.

144. The COUNTY negligently retained Defendant DOES 1 through 20 who failed to provide proper care and supervision to DECEDENT, resulting in his death.

145. The COUNTY negligently supervised Defendant DOES 1 through 20 who failed to provide proper care and supervision to DECEDENT, resulting in his death.

146. The COUNTY negligently trained Defendant DOES 1 through 20 who failed to provide proper care and supervision to DECEDENT, resulting in his death.

147. The above acts of the present Defendants violated Civil Code section 52.1 and DECEDENT, by and through his estate and successors in interest, is entitled to compensatory damages, as well as attorneys' fees.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants COUNTY OF LOS ANGELES and DOES 1 through 20, inclusive, as follows:

    A.   For compensatory damages, including both survival and wrongful death damages under federal and state law, in an amount to be proven at trial;

    B.   For exemplary damages against each Defendant, except the COUNTY, in an amount according to proof;

    C.   For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; California Code of Civil Procedure § 52.1, and as otherwise authorized by statue or law;

    D.   Costs of suit necessarily incurred herein;

    E.   Prejudgment interest according to proof;

///

///

///

F.    For such further other relief as the Court may deem just, proper, and appropriate.


Dated: June 13, 2025

CARRILLO LAW FIRM, LLP

By: _____

LUIS A. CARRILLO
MICHAEL S. CARRILLO
DIANA M. PEREZ
Attorney for Plaintiffs


## DEMAND FOR JURY TRIAL

The Plaintiffs named herein hereby demand a trial by jury.


Dated: June 13, 2025

CARRILLO LAW FIRM, LLP

By: _____

LUIS A. CARRILLO
MICHAEL S. CARRILLO
DIANA M. PEREZ
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES